THE BOARD OF TRUSTEES OF THE NEW BERN GRADED SCHOOLS v. FIRST-CITIZENS BANK AND TRUST COMPANY, INC., EXECUTOR AND TRUSTEE UNDER THE WILL OF A. H. BANGERT, DECEASED.

(Filed 13 April, 1949.)

**Wills § 34e—**

> Testator left certain property in trust with direction that specified beneficiaries be paid a designated sum monthly from the income, with the balance of the net income to be paid to another trust. *Held:* The courts may not enlarge the stipulated monthly income so as to net the beneficiaries the amount stated after payment of income taxes levied under change of the law made after testator's death.

DEFENDANT'S appeal from *Hamilton, Special Judge,* October Term, 1948, CRAVEN Superior Court.

The proceeding under review is a controversy without action involving construction of the will of A. H. Bangert, and the administration of an estate left to defendant in trust for beneficiaries named in the will. The controversy is over the meaning of the 8th item of the will, which it is necessary in part to reproduce here.

"Eighth—I devise and bequeath all the residue of my property of whatever nature and wherever situate to the First-Citizens Bank and Trust Company, Inc., of New Bern, N. C., to have and to hold the same in trust for the following uses:

"(a) To keep all real estate belonging to my estate in good repair and the buildings insured against loss by fire and to keep all moneys invested in good securities;

"(b) To collect rents from real estate and interest or dividends from my personal property and pay all taxes on my property, fire insurance premiums on and costs of repairs thereto, and expenses in connection therewith; and the expense of keeping my cemetery lot in good order;

"(c) To first pay to my beloved niece, Mrs. Edna Watson Hall, during her life, the sum of One hundred and Twenty-five ($125.00) Dollars each month from and after my death; and then to pay to my beloved niece, Mrs. Jennie Watson Craig, of Gastonia, N. C., during her life, the sum of Fifty Dollars each month from and after my death; to pay to my nephew, Percy Oliver Bangert, during his life, the sum of Fifty Dollars each month from and after my death; to pay to my beloved niece, Mrs. Florence Bangert Najer, of Baltimore City, Md., during her life, the sum of Twenty-five Dollars each month from and after my death; and to pay to the Board of Trustees of the New Bern Graded Schools, and its successors in office, the rest of the net income from my estate to establish the trust fund hereinafter mentioned."

The will then provides that after the death of the named beneficiaries the sums bequeathed "to him or to her" shall be paid to the Board of Trustees of the New Bern Graded Schools to be held and administered by them under certain trusts set forth in the will.

The plaintiff contends that upon a proper construction of this item the defendant should pay over to the beneficiaries, Mrs. Edna Hall, Mrs. Jennie Craig, P. O. Bangert, and Mrs. Florence Najer, monthly as required during their respective lives the exact sums named in the bequests, and no more. The defendant contends that the will sufficiently provides, and the intention of the testator requires, that there shall be

added to these several stated amounts the sums necessary to relieve the bequest of the income tax which the recipient would otherwise have to pay, and which would otherwise result in materially reducing the bequest below the level of the sums the testator intended beneficiary to receive.

The court below agreed with plaintiff's contention and entered judgment accordingly. Defendant appealed.

R. E. Whitehurst and George B. Riddle, Jr., for plaintiff, appellee.
R. A. Nunn for defendant, appellant.

SEAWELL, J. The briefs do not contain much helpful citation of authority on this novel question; but the defendant does point out that the will must be construed with reference to conditions as they existed at the time of its making. It is argued that the amounts set aside for the monthly support of his beneficiaries, close relatives, were carefully considered as to their sufficiency at the time, when, at least in the Federal jurisdiction, it was not subject to the income tax as distributed to the legatees; but a subsequent change in the law makes it so, and the Commissioner of Revenue claims the monthly payments now taxable in the hands of the named legatees.

It is further pointed out that the will provides that the defendant shall "pay all taxes on my property, fire insurance premiums on and costs of repairs thereto, and expenses in connection therewith;" etc. This provision so manifestly refers to property in the hands of the trustee, and not that of which the beneficiary becomes the owner in the act of distribution, it may be eliminated from discussion.

We are unable to accede to the proposition that by the simple act of naming the amount each legatee is to receive at the hands of the trustee, the testator took into consideration both all the conditions that then were, and those which might come thereafter;—this particular change in the tax law which might, unfortunately for his beneficiaries, burden the legacy and reduce its value. With the knowledge, however, that nothing is more certain than taxes and death, and that the government might be forced to exploit all resources of revenue, it seems that some express provision would have been made for it if it had been so intended. To prevent such an incidence of the tax on the bequest would, we think, require a more positive expression of intent than we find in the will; and as there is no public policy to require it, we cannot substitute for actual intent any theory of what the testator, in his generosity, would have done if he had thought about it.

We are of the opinion that the correct conclusion was reached by the court below and its judgment is, therefore,

Affirmed.