**POOL et al.**
v.
**UNITED STATES.**
No. 49843.

United States Court of Claims.
June 8, 1954.

Arthur Glover, Amarillo, Tex., for plaintiffs.

John A. Rees, Washington, D. C., with whom was H. Brian Holland, Asst. Atty. Gen., for the defendant. Andrew D. Sharpe and A. F. Prescott, Washington, D. C., were on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

LITTLETON, Judge.

Plaintiffs sue to recover income tax for 1943 in the amount of $9,976.06, with interest thereon as provided by law.

In auditing the return of income filed by plaintiffs as executors and trustees of the estate of Joseph T. Sneed, Jr., for 1943, the Commissioner of Internal Revenue disallowed a deduction claimed and taken by plaintiffs in the amount of $15,-000 regularly paid by them to Dorothy Love Sneed in 1943, in accordance with the provisions of the codicil to the will of Joseph T. Sneed, Jr.

It is plaintiffs' position that this deduction was proper and should have been allowed in determining the taxable net income of the estate under the provisions of Section 162 of the Internal Revenue Code [1] (1) because under the terms of the testator's will and codicil thereto the payment in 1943 to Dorothy could be made only out of *income* of the trust or estate and was therefore deductible within the meaning of Section 162(b) or (c); or (2) because even if the distribution or payment could have been made from other than income of the estate or trust, it was part of a bequest by the testator which was to be distributed at intervals, and, the amount so distributed in 1943, was not in excess of the estate distributable income of the estate in that year and was, therefore, deductible under Section 162(d) (1). We are of the opinion that plaintiffs are right in their contention that the amount paid was deductible.

Defendant argues, however, that under a proper construction of the testator's will and codicil, the $15,000 payment to Dorothy Love Sneed in 1943 could have been made from either corpus or income of the trust, and that plaintiffs are not aided by Section 162(d) (1) of the Code because the $15,000 was not part of a bequest payable to Dorothy at intervals, but was rather a lump sum payment required by the will to be made on a date certain.

Whether the $15,000 payment to Dorothy could have been made only out of income of the trust, or could have been made from corpus if necessary, depends upon the intention of the testator as expressed in his will and codicil.

On October 5, 1936, Joseph T. Sneed, Jr., executed his will, in the second clause of which he bequeathed to his daughter, Elizabeth Sneed Pool, the family home and furnishings. In the third clause the testator bequeathed all the rest, residue, and remainder of his estate to his executors in trust to be held, administered, and paid by them to the devisees and legatees named under the conditions therein provided. In the fourth clause of the will, the testator directed his executors,

[1] Revenue Act of 1942, Section 111, 56 Stat. 798, 26 U.S.C. § 162.

and trustees to convert all the personal property of his estate, which comprised the corpus of the trust, into cash or bonds and other securities as the executors deemed advisable, and to hold, manage, invest, and reinvest such cash and securities, as well as all other money from other sources coming into the hands of the executors. This same clause then provided that "after the payment of taxes, *fixed charges*, operating expenses and the expenses of administration," the executors should pay over the "net income" [italics supplied] from the trust of the residuary estate to his daughter, Elizabeth Sneed Pool, during her lifetime. In a subparagraph to this clause, the testator provided that in the event his daughter should predecease him and leave surviving her a child or children, the net income of the estate should be paid (in amounts and at times in the discretion of the trustees) for the care, maintenance, support, and education of such surviving child or children until the youngest should reach the age of twenty-one.

In the fifth clause of the will, the testator provided for the vesting of the corpus of the trust on the death of the life net income beneficiary, Elizabeth Sneed Pool. The sixth clause of the will contained further directions to the trustees concerning the management of the trust estate, and the seventh clause designated the persons who were to serve as executors and trustees. The testator changed his mind upon his second marriage.

Subsequent to the execution of his will, the testator remarried and adopted the two minor daughters of his second wife, Brad Love Sneed. On November 16, 1938, Mr. Sneed executed a codicil to his last will in which he made certain provisions for cash payments from his estate to be made to his wife and the two adopted daughters. With respect to his wife, Brad Love Sneed, the codicil provided that upon his death and for so long as Mrs. Sneed should survive him and remain unmarried, the executors and trustees named in his will should pay to her in cash $15,000 a year "out of my estate *as a fixed charge* and before the distribution and payment of the net income of my estate as in my said Will provided." [Italics supplied.]

A further clause in the codicil provided that in the event his two adopted daughters survived him and reached the age of twenty-five years, they should each receive $15,000. The same clause also directed the executors and trustees named in his will to pay, in their discretion, whatever amounts they might deem necessary for the education and support of the two girls during their minority and "during the necessary time required thereafter for them or either of them to complete her or their education." The next clause in the codicil provided as follows:

"I desire and direct that the bequests hereinabove provided [which included the $15,000 to his wife] shall be paid out of my estate from time to time and in the amounts herein provided, as a fixed charge and before the distribution and payment of the net income of my estate as provided and I desire, and I here direct, that this Codicil be annexed to and made a part of my said Will of October 5, 1936, to all intents and purposes."

The testator died on October 15, 1940, leaving him surviving, Elizabeth Sneed Pool, the net income life beneficiary of the testamentary trust, his wife, Brad Love Sneed, and the two adopted daughters named in the codicil to his will, Dorothy Love (Sneed) Brown and Betty Love Sneed. In 1943, Dorothy Love (Sneed) Brown reached the age of twenty-five years and the trustees and executors named in the testator's will paid to her the $15,000 provided for in the above mentioned codicil. In computing the taxable net income of the estate for 1943, the executors and trustees deducted the $15,000 paid to Dorothy. This deduction was disallowed to the estate by the Commissioner of Internal Revenue and income tax was paid by the estate without the benefit of this deduc-

tion. Dorothy did not report the sum as income to her and no federal income tax thereon has been collected by the government from any person except the executors and trustees.

Plaintiffs insist that the estate was entitled to deduct the $15,000 in determining the taxable net income of the estate for 1943 by virtue of the provisions of Section 162(b) [2] and (c) [3] of the Internal Revenue Code. We think it is clear that Section 162(b) permits an estate or trust a deduction for the amount of estate or trust income which within the tax year becomes payable by the fiduciaries to legatees, heirs or beneficiaries. We also think it is clear that Section 162(c) permits the estate a deduction for the amount of income received by the estate during the period of administration (and this estate was still in the process of administration in 1943 [4]) which is properly paid or credited during the tax year to any legatee, heir or beneficiary. The deduction is also allowed if the fiduciary has discretion to either distribute or accumulate the amount and the amount is either properly paid or credited to the legatee, etc., during the tax year.

Whether or not plaintiffs are entitled to the benefit of the deduction provided for in Section 162(b) or (c) depends upon whether, under the terms of the will and codicil, the $15,000 payment was payable from *income* of the testamentary trust. Plaintiffs assert that this question has been decided in the affirmative by the Texas courts and that such decision is binding on this court respecting the interpretation of the will and codicil. The State court decision in question was rendered in the case of Sneed v. Pool, Tex.Civ.App., 228 S.W.2d 913. In that case Brad Love Sneed, the surviving widow of the testator sued the executors and trustees of his estate for a sum equal to the income taxes which she had paid from 1942 to 1947, inclusive, to the United States on the $15,000 annual bequest she had received pursuant to the codicil of the will. On appeal from an adverse decision in the lower court, Mrs. Sneed contended, among other things, that under the terms of the will and codicil the annual payments to her were fixed charges against the *corpus* of the trust estate and were not conditioned upon the existence of income in the estate or trust. The appellate court held, 228 S.W.2d at page 916, that:

" * * * When construed in connection with each other, the will and codicil are clearly susceptible to the interpretation that the testator intended that the annual $15,000 payments should be made from the gross income of the trust estate."

---

2. Section 162(b) provides:
  "There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, 'income which is to be distributed currently' includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year".

3. Section 162(c) provides:
  "In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary".

4. Finding No. 9.

In reaching this conclusion, with which we are in agreement, the Texas court noted that the codicil specifically characterized these payments as "a fixed charge and before the distribution and payment of the net income of my estate as in my said Will provided."; that "fixed charges" are mentioned only once in the will itself; that while generally "fixed charges" are the general running expenses of a business, as used in this will and codicil they are limited to the fixed charges of the trust estate; and that the will clearly defines *net income* (which was to be paid only to the life income beneficiary, Elizabeth Sneed Pool) as that which is left after taxes, *fixed charges*, operating and administration expenses have been paid out of gross income.

It was clear to the Texas court, as it is to us, that according to the will none of the corpus of the estate was to be distributed during the lifetime of Elizabeth Sneed Pool, nor during any future life of the trust if Elizabeth was survived by any minor child or children; that the codicil did not change the will with respect to the disposition of net income, the manner in which it should be determined, nor the final disposition of the corpus of the trust estate. The court could see no justification, and we find none, for assuming that the testator intended, in making the codicil, to permit an invasion of corpus or to grant an annuity or gift to Mrs. Sneed that must be paid at all events and regardless of the existence of sufficient trust income.

In reaching the above conclusions, the Texas court pointed out that in the codicil provisions relating to the payments to the two adopted daughters, the testator reiterated that the widow's bequest, as well as those to the girls, was to be paid by the trustees out of the estate *as a fixed charge* and before the distribution of net income *as provided in the will.* It is this language in the Texas court's opinion that plaintiffs rely on as binding on this court in its interpretation of the meaning of the codicil provision for the daughter Dorothy.

It is true, as stated by defendant, that the Texas court's comments regarding the provision in the codicil relative to Dorothy, were perhaps to some extent *obiter dicta.* But that court's interpretation of the trust provisions of the will to which the codicil provisions refer in the case of both the widow and Dorothy, is not *dictum.* In that connection, the court stated, 228 S.W.2d at page 916:

" * * * According to the will, none of the corpus of the estate is to be distributed during the life of Elizabeth Sneed Pool or during the existence of the trust. It is only the net income which can be distributed to anyone; therefore, any fixed charge must be made against the gross income of the trust estate."

It appears that the Texas court, which clearly had jurisdiction in such matters, has construed and interpreted the testator's will and conclude that the corpus of the trust created by the will could not be invaded during the life of the trust and that fixed charges had to be paid out of gross income of the trust estate. The Texas court also held that the provision in the codicil requiring the annual $15,000 payment to the testator's widow as a fixed charge before the payment of net income as provided in the will, did not alter the terms of the will with respect to the treatment of corpus or the definition of net income. While this latter holding is not binding upon us in interpreting the codicil provision relative to the daughter Dorothy, we not only feel that it is highly persuasive but we agree with it. We could reach no other conclusion than that reached by the Texas court without disagreeing with its interpretations of the will, since the codicil provisions respecting the widow and the daughters are so nearly identical.

Defendant has called to our attention the fact that the Tax Court has twice followed the decision of the Texas court.

In Estate of Sneed v. Commissioner, 17 T.C. 1344, the Tax Court held that the estate was entitled to deduct the payments made under the codicil to the widow, Brad Love Sneed, in 1940 and 1941, under Section 162(c), noting that the Texas court had determined that the amounts were payable only out of estate income and could not be charged against corpus. Again in Sneed v. Commissioner (June 23, 1953) in a memorandum decision (1953 Prentice-Hall, T. C. Memorandum Decisions Service, par. 53,223), the Tax Court ruled adversely to Mrs. Sneed's claim that the payments received by her in 1940 and 1941 under the codicil, were not income taxable to her because they were a charge against either corpus or income. Appeals from both of these decisions are now pending in the Fifth Circuit.

We conclude that under the terms of the will and codicil, the testator did not intend to authorize the invasion of the corpus of the trust estate for any purpose whatsoever; that the *fixed charges* mentioned in the will and codicil were payable only out of *gross income* of the trust and that the estate is entitled to deduct the $15,000 payment to Dorothy in 1943, in determining the taxable net income of the trust for that year.

Inasmuch as we have held that the amount paid to Dorothy might not, under the terms of the will and codicil, be obtained from the corpus of the trust, *it is not necessary to decide whether or not Section 162(d) (1) is applicable to this distribution.*

Plaintiffs are entitled to recover, and judgment against defendant in their favor for the principal sum of $9,976.06, with interest on $6,149.75 from July 22, 1945, and with interest on the balance of $3,826.31 from September 21, 1945, as provided by law.

It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.

LARAMORE, Judge, took no part in the consideration or decision of this case.