RAYMOND MITCHELL ET AL v. LEON MITCHELL ET AL.

No. A-6249. Decided June 19, 1957.
(303 S.W. 2d Series 352.)

*Morris, Underwood & Oldham* and *Thomas G. Gee*, all of Houston, *Graves, Dougherty & Greenhill* and *Ireland Graves*, all of Austin, for petitioners.

*D. F. Sanders* and *Alto V. Watson*, both of Beaumont, for Leon Mitchell, *Black & Stayton*, of Austin, for Mary Prophet, *W. J. Dunham*, of Dallas, for Cornelius Mitchell, *E. E. Davis*, of Dayton, for Lamar Mitchell, respondents.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This case is the accounting phase of Mitchell v. Mitchell, 151 Texas 1, 244 S.W. 2d 803, which was severed from the main case by order of the trial court. The basic question for decision in this proceeding, as in the former appeal, is whether the proceeds of oil and gas royalties constitute income under a testamentary trust created by Aurelia Mitchell, testatrix, which should be distributed to life beneficiaries of the trust, or constitute a part of the corpus of the estate to be held by the trustees and eventually distributed to the remaindermen. On the former appeal we held that the royalties constitute a part of the corpus of the estate and not income. In the present suit for accounting the trial court followed our ruling, but its judgment was reversed by the Court of Civil Appeals upon its holding that the royalties constitute income. 298 S.W. 2d 236.

Auerlia Mitchell died testate in 1940. At the time of her death she owned an undivided one-half interest in 400 acres of land in Liberty County. By her will, the relevant portions of which are copied in our opinion on the former appeal, her Liberty County land was made the subject of a testamentary trust which provided, in effect, that the income of the trust should be paid to named life beneficiaries and the principal held intact until twenty-one years after the death of the last remaining life beneficiary, at which time the property should be distributed among a designated class of remaindermen. After the death of the testatrix, and before the filing of the original suit, the trustees, distributed the royalty payments under their

construction of the will to life beneficiaries. The relief sought in the original suit was to prevent the trustees from pursuing that course and to direct that the accumulated royalties be kept intact for the benefit of the remaindermen. As noted above, the accounting phase was severed, and that is the phase before us now.

The original suit was not brought in the form of an action to construe the will of Aurelia Mitchell, but a decision of the issues presented necessarily called for its construction. The plaintiffs in the trial court claimed that the royalties constitute a part of the corpus of the estate; whereas the defendants claimed that they constitute income. That question could be decided only by a construction of the will as a whole. In our opinion we stated in the opening sentence that the suit was for the construction of the will of Aurelia Mitchell, and the opinion was devoted primarily to that task. The opinion sought to ascertain and declare the intention of the testatrix, which we regarded as controlling in the construction of the will. After analyzing the various provisions of the will we announced our conclusion in this language: "It is clear that the only construction that can be given to this will which would carry out her policy of accumulating a fund for the remaindermen is that the royalties were to go into the corpus of the estate."

■ It is a well-established rule that under the doctrine of stare decisis when the Supreme Court once determines the true construction of a will or other written instrument that construction is binding in all subsequent suits involving the same subject matter, even though the parties in subsequent suits may not be the same as in the original suit. Benavides v. Garcia (Comm. App.), 290 S.W. 739; Case-Pomeroy Oil Corp. v. Pure Oil Co., 279 S.W. 2d 886, er. ref.; Benson v. Greenville National Exchange Bank, 253 S.W. 2d 918, er. ref.. n.r.e.; 26 Texas Jur., Judgments, Section 368, p. 46 et seq. No reason is perceived why that doctrine is not applicable in this proceeding. It is claimed that the original suit was not an adversary proceeding and that necessary parties were lacking in the case because the remaindermen and many of the life beneficiaries were not represented in that class action. That contention was presented to this court in the former appeal, as reflected by the following quotation from the motion for rehearing therein:

"(c)   The only parties who are made defendants by Raymond Mitchell's petition, either directly or by representation, are the two trustees named in the will.

"(d)   None of the children of Aurelia Mitchell named in this will as beneficiaries, except the two trustees, Vick and Leon Mitchell, are made parties to this suit, either as named parties or parties by representation.

"(e)   None of the minors who have legal guardians are named parties or are parties by representation.

"(f)   This lack of necessary parties was urged by these respondents in paragraph numbered VI of their Third Amended Original Answer."

We overruled that motion, and upon the authority of that ruling the contention now presented is not sustained.

■ Respondents insist that the doctrine of stare decisis is not applicable in this proceeding because in the former case no contention was made that the royalties constituted income by reason of the applicability of the open mine rule. They state that the facts developed in the record in the instant case are so different from those in the former proceeding as to make this court's decision in that proceeding completely irrelevant in so far as the application of the open mine rule is concerned. As pointed out above, this court in its former opinion determined the question of the intention of the testatrix as reflected by the language employed by her in her will. But it is argued that our former opinion was based upon the ground that the word "income" had been given a definite meaning by judicial decisions, and that the facts developed upon this trial would compel the conclusion that her intent was to use the word "income" so as to include the royalties. We cannot adopt that view. Had this will made a simple devise to certain designated parties for life, with remainder to other designated parties, the open mine rule of presumed intent would apply, but that is not the character of the devise in this will. It employs language which this court has held clearly to evidence an intention of the testatrix to require the trustees to preserve the accumulated royalties for distribution to the remaindermen, and not to pay them out to life beneficiaries as income. If that intent was clear, as held by us, it cannot be subordinated to the rule of law known as the open mine rule. That rule is applicable in the absence of a contrary intent expressed in the will, but when a contrary intent appears, the rule has no application. This question is exhaustively treated in an annotation in 18 A.L.R. 2d, pp. 98-178. We have inspected a number of the many cases cited in that annotation and are convinced that they support the conclusion that the

expressed intention of the testator or testatrix is controlling over the open mine rule. Our conclusion is that the doctrine of stare decisis is applicable in this case.

It is recognized, however, that the doctrine of stare decisis does not absolutely bind this court to follow its prior decisions. We have the power to overrule our decision in the former appeal of this case and declare that the testatrix intended to constitute royalties as income. We should exercise that power if convinced, and only if convinced, that our prior decision was not sound, and that good reasons exist for overruling it. But we are not at all convinced that our prior construction of his will was erroneous. On the contrary, we are of the opinion that it was sound, and we accordingly reaffirm it.

Leon Mitchell and Vick Mitchell, Trustees, have filed an application for writ of error in which they claim that the Court of Civil Appeals erred in affirming the judgment of the trial court awarding recovery against them for $28,002.87. The report of the audit of the trust estate contains a "Summary of Receipts and Disbursements by Trustees," which shows, under Disbursements, "Expenditures made from Various Accounts for which Cancelled Checks were not Found * * * $36,247.05." There is evidence that approximately $8,000.00 of that amount was accounted for. That is some evidence supporting the judgments of the trial court and the Court of Civil Appeals, and their judgments in this respect are affirmed. In all other respects the judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Judgment of the Court of Civil Appeals reversed in part and affirmed in part, and that of the trial court affirmed in whole.

Associate Justice Smith not sitting.

Opinion delivered June 19, 1957.