BRAD LOVE SNEED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 76628.   Filed June 15, 1960.

*Wentworth T. Durant, Esq.*, for the petitioner.
*David E. Mills, Esq.*, for the respondent.

478

**OPINION.**

BLACK, *Judge:* Pursuant to the terms of the will and codicil to the will of decedent, petitioner received from the trust estate of decedent the sum of $15,000 for each of the calendar years 1953, 1954, and 1955. This sum was paid to petitioner in monthly installments of $1,250 each by the trust estate from the distributable income of the trust as shown by its books, which consisted primarily of income from commercial cattle. None of the payments made by the trust estate to petitioner during the years here in question were made from royalties or from other proceeds of oil and gas properties.

The issue which we have to decide is: Is the petitioner entitled to deductions for depletion on any part of the distributions made to her from the trust estate during the taxable years involved?

We think the question must be answered in the negative and the Commissioner's determination sustained. There is no doubt but that the payments made to petitioner were actually made from gross income of the trust estate which was realized in each of the taxable years from the cattle business and other sources which had nothing to do with oil and gas leases, bonuses, or royalties. Our Findings of Fact make that clear.

The trustees of the trust estate interpreted the will and codicil of decedent to require the income from oil and gas royalties and bonuses to be treated as corpus and not distributable under the terms of the will but should be accumulated for the benefit of the remaindermen. Thus, interpreting the will, the trust estate had two bank accounts. In one of them, income from the cattle business and other sources was deposited; in the other bank account, income from oil and gas royalties and bonuses was deposited. The payments made to petitioner were made from the first-named bank account. That fact is firmly established. But it is the argument of petitioner that there was no requirement in the will and codicil that oil and gas bonuses and royalties should be treated as corpus and accumulated for the benefit of the remaindermen and therefore the interpretation of the trustees was wrong and the mere fact that the payments to petitioner were made out of a bank account where no oil and gas royalties had been deposited could not interfere with petitioner's right to her allocable part of depletion deductions under section 23(m), 1939 Code, and section 611(b)(3), 1954 Code. Petitioner claims that her allocable part of the depletion under the statutes named for each of the taxable years is as follows:

| Year | Amount |
|------|--------|
| 1953 | $3,007.60 |
| 1954 | 3,015.35 |
| 1955 | 2,887.23 |

She now claims these deductions for depletion instead of the somewhat larger deductions which she took on her returns.

We think that if the interpretation given the will and codicil by the trustees was wrong, petitioner would be right in her argument that she could not be deprived of her allocable part of the depletion deduction merely because the payments made to her were out of a certain particular bank account. However, we do not think the trustees were wrong in their interpretation of the will and codicil.

The term "allocable" used in section 23(m), 1939 Code, has been construed to mean "distributable," *Fleming* v. *Commissioner*, 121 F. 2d 7 (C.A. 5, 1941). Therefore, in order for petitioner to be entitled to an allocable part of the percentage depletion deduction she must establish that the royalties and bonuses are distributable to her in part under the terms of the will and codicil of the decedent, the governing trust instrument. We do not think that petitioner has established such a fact.

The rules followed in Texas in construction of a testamentary trust on the precise issue of whether oil and gas royalties are corpus to be retained for the remaindermen or income distributable to life bene-

ficiaries have been set forth by the Supreme Court of Texas in its two opinions in *Mitchell* v. *Mitchell*, 303 S.W. 2d 352 (1957), 244 S.W. 2d 803 (1951). The Supreme Court of Texas held in both opinions that the intention of the testatrix was controlling in the construction of her will. Her intent was determined from construction of the will as a whole, circumstances surrounding the execution of the will, and knowledge imputed to the testatrix of decisions in Texas defining the meaning of the legal terms used in the will. Applying these rules of construction, the Supreme Court in the *Mitchell* case held it was the intent of the testatrix that royalties were to form a part of the corpus of the trust estate.

The will of decedent explicitly directs the retention of royalties in the trust estate for management and investment in the following paragraph:

FOURTH:

1. I desire and direct that my Executors shall as rapidly as can be done after my death, in the exercise of their sound discretion, convert the personal property of my estate into cash or into bonds, and other securities of such nature as they shall deem advisable. All such cash, bonds and/or securities, as well as all moneys derived from royalties, rentals and leases of oil and gas lands, rentals, lease and sale of lands, or from whatever source obtained which shall come into the hands of my said Executors, shall be held, managed, invested and reinvested by them, and after payment of taxes, fixed charges, operating expenses and the expenses of administration, my said Executors shall then pay over the net income from my said estate to my daughter, Elizabeth Sneed Pool during her lifetime, should she survive me. * * *

In effect, an investment trust is thereby created. Designated to be retained for management and investment are the proceeds from the conversion of personalty and all moneys received from the decedent's lands, whether from royalties, leases, rentals, sales, or whatever source. The proceeds themselves are not to be distributed. Only the income arising from the management and investment of the proceeds is to be distributed.

Of course, it goes without saying that the income from bonuses and oil royalties represents taxable income, reduced by depletion deductions but that income was taxable to the trust estate and not to petitioner and the estate is the one which is entitled to the depletion deduction. Income from bonuses and royalties, for reasons we have already stated, was not distributable income under the terms of the will and we do not see where petitioner is entitled to any depletion deduction on the payments which she received.

Respondent's determination is sustained.

*Decision will be entered for the respondent.*