**Dougal C. POPE, Appellant,**

v.

**SOUTHAMPTON CIVIC CLUB et al., Appellees.**█

No. 16730.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 5, 1976.

Rehearing Denied Sept. 2, 1976.

Dougal C. Pope, Houston, for appellant.

Urban, Coolidge, Pennington & Scott, Gary L. Murphree, Houston, for appellees.

PEDEN, Justice.

Southampton Civic Club and several of its representative members brought this suit for a declaration of the parties' rights under restrictions affecting Lot 13, Block 41, of Southampton Place Addition in Houston and to enjoin the defendant from using it for any purpose other than as a single-family residence. Both sides filed motions for summary judgment. The defendant, Mr. Pope, appeals from the judgment of the trial court denying his motion and holding,

as a matter of law, that his proposed paving of the property and use of it as a parking lot for the employees of his law office (located outside the addition) would materially violate the restrictions. The court also enjoined Mr. Pope's proposed use of the lot.

His points of error are:

"1. Only the facts which have been stipulated in this case should be considered.

"2. The practice of law is a professional service and is not a wholesale or retail business.

"3. Restrictions are construed strictly in favor of the grantee and against the grantor and any ambiguity must be resolved in favor of the free use of the land."

We affirm the judgment of the trial court.

The parties' stipulation filed in the trial court included these provisions: 2) the defendant owns Lot 13, Block 41, of Southampton Place Addition, Houston, Harris County, Texas; 3) he holds title to it under a recorded deed; 4) during 1922 and 1923, E. H. Fleming and San Jacinto Trust Co., as owners of a tract of 160.75 acres including the lot in question, subdivided it and dedicated streets and alleys in a map filed for record in Volume 6, Page 52, Map Records of Harris County; 6) said subdividers promulgated and recorded certain deed restrictions filed for record in Volume 567 at Page 413 and in Volume 534, Page 408, of the Deed Records of Harris County; 7) those instruments contain certain basic restrictions applicable to all the lots in Southampton Place Addition, and a copy of them was made a part of the stipulation; 8) an agreement of some 500 of the 600 owners of lots was filed to extend the restrictions for 50 years beyond April 15, 1973; 11) the first conveyance of the lot in question from the subdivider was expressly made subject to the restrictions referred to above.

*Pardo v. Southampton Civic Club*, 239 S.W.2d 141 (Tex.Civ.App., Galveston, 1951, writ ref.) was also a suit brought by members of the Southampton Civic Club for a judicial construction of the wording used in

the restricting of lots in Southampton Place Addition to the City of Houston and seeking a permanent injunction restraining a defendant from using a certain lot in the addition for any purpose other than as a dwelling and residence for a single family.

It is apparent from a reading of that opinion that the restrictions there involved are the same ones as in the case under submission. We have conclusively determined that they are the same by examining the record in *Pardo.* In *Pardo* this court reviewed the restrictions in question and concluded, after applying the rules of construction to the facts in the case, "that the developer of Southampton Place Addition clearly intended that the property in the addition which was reserved for residential use should be used for that purpose exclusively . . . All of the lots listed in paragraph (e) of the restrictions . . . were designated and sold as integral parts of a 'high class exclusive residential' area and were restricted to the exclusive use of a residence of a single family."

■ An examination of the basic restrictions included in the stipulation in the case under submission shows that Lot 13, Block 41, is also one of the lots listed in paragraph (e) of those restrictions and thus was one of those designated and sold as part of a high class residential area restricted to use as a single-family dwelling.

In *Mitchell v. Mitchell,* 157 Tex. 346, 303 S.W.2d 352 at page 354 (1957) the Texas Supreme Court stated:

"It is a well-established rule that under the doctrine of stare decisis when the Supreme Court once determines the true construction of a will or other written instrument that construction is binding in all subsequent suits involving the same subject matter, even though the parties in subsequent suits may not be the same as in the original suit."

We have carefully considered each of the appellant's points presented on appeal and find no error.

Affirmed.