## UNITED STATES *v.* ROMPEL, ADMINISTRATOR.

No. 59. Argued November 5, 6, 1945.—Decided December 10, 1945.

*Assistant Attorney General Clark,* with whom *Acting Solicitor General Judson, Messrs. Sewall Key, Arnold Raum, Bernard Chertcoff* and *Miss Helen R. Carloss* were on the brief, for the United States.

*Messrs. J. Paul Jackson* and *Harry C. Weeks,* with whom *Messrs. Rupert N. Gresham* and *Palmer Hutcheson* were on the brief, for appellee.

The Attorneys General of the States of Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas, and Washington filed a brief (*Messrs. Max Radin* and *Joseph D. Brady* of counsel) on behalf of those States as *amici curiae,* urging affirmance. By special leave of Court, *Mr. Palmer Hutcheson* argued the cause for the State of Texas as *amicus curiae.*

Mr. Chief Justice Stone delivered the opinion of the Court.

This is a companion case to *Fernandez* v. *Wiener, ante,* p. 340. The Commissioner of Internal Revenue, proceeding under § 811 (e) (2) of the Internal Revenue Code, 26 U. S. C. § 811 (e) (2), as amended by § 402 of the Revenue Act of 1942, 56 Stat. 798, has levied, and appellee has paid, an estate tax on the termination of a Texas marital community by the death of the husband, a domiciled resident of Texas, the tax being measured by the value of the entire community property. All of the constitutional questions raised here were presented and decided in *Fernandez* v. *Wiener.*

Appellee, decedent's Administrator, brought this suit under the Tucker Act, 28 U. S. C. §§ 761–765, to recover as an alleged overpayment so much of the estate tax paid as is attributable to the inclusion in decedent's gross estate of the value of the wife's share of the community property.

The facts found by the district court were stipulated and are not in dispute. Decedent, a resident of Texas, was married February 12, 1901, and died on November 17, 1943, leaving him surviving his wife, their child, and grandchildren. From the date of the marriage until 1934 decedent's principal activity was that of raising livestock on a ranch in Texas, acquired largely on credit, and paid for out of savings from the ranching business. Other savings from the business were invested from time to time. After 1934 he received rent from the ranch property and income from loans and investments accumulated out of savings. During the marriage neither decedent nor his wife was ever employed by any one at a wage or salary, and neither received any commissions, fees or similar compensation for personal services rendered. At the time of decedent's death the community property consisted of the original ranch property, investments acquired from

savings from the ranch business, rentals and other income from investments.

In the estate tax return for decedent's estate only one-half of the value of the community property was reported. The Commissioner included the full value of the community property in the decedent's gross estate, and assessed a deficiency accordingly, which appellee paid. In this suit which followed, the district court gave judgment for appellee, 59 F. Supp. 483, holding that the tax violated the due process clause of the Fifth Amendment and the command of Article I, § 8 that "all Duties, Imposts and Excises shall be uniform throughout the United States." The Court found it unnecessary to pass on other constitutional contentions presented.

The case comes here on direct appeal under § 2 of the Act of August 24, 1937, 50 Stat. 751, 28 U. S. C. § 349a, appellant assigning as error the district court's ruling that the tax violates the due process clause of the Fifth Amendment and the uniformity clause of Article I, § 8 of the Constitution, and the district court's failure to hold that the tax is constitutional.

Community property has been recognized and defined by the laws of Texas throughout its history.* Its laws governing community property interests are similar in most respects to those of Louisiana described in our opinion in the *Wiener* case, *supra*. On the death of the husband, in Texas, as in Louisiana, the wife's share of the community is freed from the restrictions of his exclusive management and control, and the wife acquires exclusive possession and enjoyment of the property constituting her share, as well as important new powers of control and disposition over it. On the death of the wife, her share passes to her heirs, and his share is freed from the limitations which the existence of the community places on his

---

*Speer, Law of Marital Rights in Texas (1929) p. 409 *et seq.*

control of community property. While Texas does not have the statutory restrictions on gifts which are to be found in the Louisiana Civil Code, Texas does place some limitations on the husband's power to make gifts of community property. As we said of Texas community property in *Hopkins* v. *Bacon*, 282 U. S. 122, 126, the authorities hold "that if the husband, as agent of the community, acts in fraud of the wife's rights, she is not without remedy in the courts. (*Stramler* v. *Coe*, 15 Tex. 211; *Martin* v. *Moran*, 32 S. W. 904; *Watson* v. *Harris*, 130 S. W. 237; *Davis* v. *Davis*, 186 S. W. 775.)" Appellee also concedes that "excessive and capricious donations are void," and that malicious or fraudulent intent need not be established in order that the wife shall have the remedies referred to. Appellee does not question that these are the rules generally applicable to community property in Texas.

The death of either the husband or the wife of the Texas community thus effects sufficient alteration in the spouses' possession and enjoyment and reciprocal powers of control and disposition of the community property as to warrant the imposition of an excise tax measured by the value of the entire community.

For the reasons fully stated in our opinion in the *Wiener* case, we conclude that the tax amendment of § 811 of the Internal Revenue Code authorizing the tax as applied in this case is not open to any of the constitutional objections which have been raised against it either here or below. The judgment is accordingly

*Reversed.*

Mr. Justice Black and Mr. Justice Douglas concur in the result for the reasons stated in the concurring opinion of Mr. Justice Douglas in *Fernandez* v. *Wiener*, *ante*, p. 363.

Mr. Justice Jackson took no part in the consideration or decision of this case.