BEAVERS v. COMMISSIONER OF INTERNAL REVENUE.

No. 12042.

Circuit Court of Appeals, Fifth Circuit.

Dec. 26, 1947.

Robert Ash and John R. Foley, both of Washington, D. C., for petitioner.

Hilbert P. Zarky, Sewall Key, and Helen R. Carloss, Sp. Assts. to Atty. Gen., Theron L. Caudle, Asst. Atty. Gen., and Charles Oliphant, Chief Counsel, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

PER CURIAM.

In 1943 petitioner and his wife transferred to their two children by deed of gift 12,138 acres of land in Knox County, Texas, which they owned in community. Petitioner reported one-half of the value of the property as his gift, and his wife reported the other one-half as hers. Under the authority of Sec. 1000(d) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1000(d),[1] the Commissioner assessed the whole value of the gift to petitioner. Appealing to the Tax Court, petitioner attacked as unconstitutional the section under which the Commissioner's determination was made. That court, on the authority of Francis v. Commissioner, 8 T.C. 822, that the assailed statute was constitutional, affirmed the Commissioner's determination.

Here, appealing from this ruling, and inviting attention to many Texas cases dealing with the rights and interests in community property of husbands and wives in Texas, petitioner puts forward two grounds of invalidity. The first and principal one is that to tax petitioner on his wife's gift of her interest in the community is to deprive him of due process of law under the 5th Amendment. The other is that, because of the diversities in the community property systems of the several states, the statute is violative of the uniformity requirements of the Federal Constitution set out in Art. 1, Sec. 8.

After Fernandez v. Wiener, 326 U.S. 340, 66 S.Ct. 178, 90 L.Ed. 116, and United States v. Rompel, 326 U.S. 367, 66 S.Ct. 191, 90 L.Ed. 137, the questions petitioner seeks to reargue are not open here.

The judgment is affirmed.

---

[1] "Section 1000 Imposition of tax.
* * *

"(d) Community property. All gifts of property held as community property under the law of any State, Territory, or possession of the United States, or any foreign country shall be considered to be the gifts of the husband except that gifts of such property as may be shown to have been received as compensation for personal services actually rendered by the wife or derived originally from such compensation or from separate property of the wife shall be considered to be gifts of the wife."