## BLACKBURN'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE
### No. 12694.

United States Court of Appeals,
Fifth Circuit.
March 2, 1950.

Whitfield H. Marshall, Houston, Tex., L. Keith Simmer, Houston, Tex., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., Charles Oliphant, Chief Counsel Bureau of Internal Revenue, Washington, D. C., John W. Smith, Sp. Atty., Bureau of Internal Revenue, Washington, D. C., George Webster, Sp. Asst. to Atty. Gen., Fred E. Youngman, Sp. Asst. to Atty. Gen., for respondent.

Before HUTCHESON, Chief Judge, and WALLER and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

By its petition for review, taxpayer, the Estate of Catherine Cox Blackburn, deceased, brings here for decision two questions determined against it in the Tax Court.

One of these is whether, during the period of administration, the estate is taxable on one-half, as contended by taxpayer, or the whole, as determined by the commissioner, of the income from property and a business which the deceased and her husband, residents of Texas, had owned in community, and the husband, after her death, continued to manage.

The other is whether, during that same period, the estate is entitled to deduct additional compenation paid to the husband for managing the business.

Upon agreed facts,[1] the Tax Court, upon the avowed basis of being bound by the

---

1. Catherine Cox Blackburn, the decedent, died on September 7, 1944. All of the property owned by her and her husband, E. A. Blackburn, was held in community under the laws of Texas. The value of the decedent's one-half interest in the community estate was $127,649.70 and the amount of the debts of the community at the date of her death was $36,731.54.

Income tax returns for the estate for the periods here in controversy were filed with the collector of internal revenue for the first district of Texas. The estate was in the process of administration at all times material hereto. There is no evidence of any payment or crediting of income from the community property. One-half of the net income from

decision of this court in Barbour v. Commissioner, 5 Cir., 89 F.2d 474, answered the first question in the affirmative, and, upon the finding that the petitioner had not sustained its burden of showing the propriety of the claimed deduction, gave a negative answer to the second.

The taxpayer, meeting head on the Tax Court's determination of the first question, is here insisting that, upon the plainest principles, one-half, at most, of the income from the whole property, that is the income from the estate's one-half of it, was taxable to the estate, and that in citing the Barbour case as authority for its contrary conclusion, the Tax Court has completely misread and misapplied that case.

Taxpayer's approach to the second question is different. It does not claim that it carried the burden of proving that the salary increase claimed as a deduction was reasonable. Its position is: that the claim to deduction was disallowed by the commissioner not on the ground that the amount was unreasonable, but on the ground that the salary increase was not allowed by the Probate Court; that this question was the only one at issue before the Tax Court, and that the taxpayer prevailed on it.

Finding ourselves in complete agreement with the taxpayer upon the first question, and in as complete disagreement with it on the second, we pass the second question, without further discussion, to consider and briefly discuss the first question, pointing out the Tax Court's error in answering it as it did.

This error lies in, it springs from, the fact that the Tax Court, confessedly deciding the case not upon what appeared to it to be the simple truth and right of the taxpayer's position, but upon the supposed compulsion of the Barbour case, has completely misread, and as completely misapplied, that case.

Nothing said or decided in the Barbour case supports or even tends to support the holding for which the Tax Court cites it. The question posed here, whether all or one-half of the income from the community of a deceased wife and the surviving husband who, as surviving member of the community and as her administrator, continues to manage the business, should be taxed to her estate, was not, it could not have been, presented in that case.

There the husband, the manager of the community, had died, and his independent executors were in charge of, and were managing, the whole of the community estate, "the executors retaining possession and controll of the wife's undivided one-half community property and managing and operating the entire estate as a unit".

All that was there presented for decision, all that was decided, was whether, the whole property being in the hands of the husband's executors for administration, the claim of the commissioner, that the surviving wife had come into the receipt of one-half of the income so as to be taxable upon it, could be sustained.

In support of our view that the whole of the property being administered by the husband's executors for community purposes, no part of the income could be said to have been received by the wife so as to make her taxable upon it, we cited Lovejoy v. Cockrell, Tex.Com.App., 63 S.W.2d 1009, 1010. Quoting from that case: "*Neither the surviving wife, as such,* has authority under the statutes, to sell community property for the purpose of paying community debts of her husband, *nor, in case she do not survive, does that authority appertain to the administration of her estate. Authority in that respect appertains exclusively to the pending administration of the estate of the deceased husband.*" (Emphasis supplied.) We concluded that income received by the executors of the husband, as executors and statutory trustees, during the administration, was not re-

the entire community property was reported as income of the estate. The Commissioner, in determining the deficiency, held that the entire income from

the community property during the period of administration is taxable to the petitioner-estate.

ceived by the surviving wife so as to make it taxable to her.

In order to leave in no doubt that we were narrowly deciding only the one question, whether the wife had received her one-half of the community income so as to make it taxable to her, and not any other question, we took pains to say: "We are not concerned here with the form of return which the executors should have made, whether the profit should have been treated by them for the purposes of their administration as income of the husband's estate, or as partly income to the executorship and partly to the trusteeship. It is sufficient for us to hold, as we do, that either as executors of the husband or as statutory trustees for the benefit of the creditors and others entitled to it, the executors, and not Mrs. Barbour, received the profit, and the executors, and not Mrs. Barbour should have returned it."

█ Here, unlike in the Barbour case, it is the wife who is dead, and the husband who is administering the property. In such a situation, as carefully stated in Lovejoy's case, supra, there is no passage of control or management to her executors or administrators. The Supreme Court of Texas has repeatedly held that in such case the husband's power and control, with respect to the common property are undiminished by the wife's death.[2]

█ Here, unlike in the Barbour case, no claim is being made on behalf of the wife's estate, that she did not receive her portion of the income from the property. On the contrary, her estate admits receipt of, and has paid taxes upon, one-half of the income.

The controlling case here is not the Barbour case. It is our case of Henderson's Estate v. Commissioner, 5 Cir., 155 F.2d 310, 164 A.L.R. 1030. There, where the question was whether the widow individually was entitled to have taxed to her in a separate return one-half of the income, arising in the pertinent period, from the property of the previously existing community, it was held that she was.

The decision of the Tax Court, that petitioner was entitled to the deduction claimed, is affirmed. Its decision, that petitioner was taxable not on one-half, but on the whole, of the income is reversed, and the cause is remanded with directions to redetermine the tax accordingly.

WALLER, Circuit Judge (specially concurring).

I concur in the result but it seems to me that the Commissioner and The Tax Court were well justified in their constructions of the holdings of this Court in Barbour v. Commissioner, 5 Cir., 89 F.2d 474. Moreover, it seems to me that in view of the fact that community property is subject to the payment of community debts, and since community debts in the Barbour case were reduced or paid by the Executor out of community income, and liabilities against the share of the surviving spouse were thereby diminished, *pro tanto,* it could not rightly be said that the surviving widow, from an income tax standpoint, received no income, or taxable benefits from income, whereby she ought to have been freed from the obligation to pay the tax to the extent of the benefit thus received. I do not discern any recognition of this principle in the opinion of this Court in the Barbour case.

2. Moody, Administrator v. Smoot, 1890, 78 Tex. 119, 14 S.W. 285; Stone v. Jackson, 1919, 109 Tex. 385, 210 S.W. 953; Levy v. W. L. Moody & Co., Tex.Civ.App. 1905, 87 S.W. 205 error refused.