ESTATE OF J. T. SNEED, JR., DECEASED, ELIZABETH SNEED POOL AND L. J. HAILE, EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27995.    Promulgated February 15, 1952.

*Arthur Glover, Esq.*, for the petitioner.
*J. P. Crowe, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined deficiencies of $2,837.54 for 1940 and $36,200.61 for 1941 in the income tax of the petitioner. The two issues for decision are whether the petitioner, the estate of the deceased husband, must report all of the income from Texas community property during the period of administration and whether the petitioner is entitled to deduct, as distributable income, amounts distributed in each year to Brad Love Sneed, widow of the decedent. The facts have been stipulated.

J. T. Sneed, Jr., the husband of Brad Love Sneed, died testate on October 15, 1940. Returns of the income of his estate for the period from his death to the end of 1940 and for the year 1941 were filed with the collector of internal revenue for the second district of Texas.

The return for the period October 16, 1940, to December 31, 1940, reported net income taxable to the fiduciary in the amount of $36,228.46. It contained a schedule entitled:

Estate of J. T. Sneed, Jr., deceased and Brad Love Sneed
Income from business
October 15 to December 31, 1940

showing a net profit of $28,982.16, distributable 31.5 per cent, or $9,129.38, to Brad Love Sneed, and 68.5 per cent, or $19,852.78 to the estate of J. T. Sneed, Jr. The return for 1941 showed net income of $80,348.11, after deducting $37,567.50 distributable to beneficiaries. That return contained a statement of the joint operations of a ranch business of the estate and Brad Love Sneed for 1941, showing a profit from that operation of $64,511.62, of which $26,008.67 was shown as the share of Brad Love Sneed.

Brad Love Sneed reported $9,129.38 of income from community property for the period October 15, 1940 to December 31, 1940, and $26,008.67 representing one-half of the income for 1941 from community property. The Commissioner, in determining the deficiencies, included those amounts in the income of the petitioner for those periods.

The following is a part of the will of the decedent:

I do hereby give and bequeath to my beloved wife, BRAD LOVE SNEED, should she survive me, and for so long as she lives and remains my widow and unmarried, in cash the sum of Fifteen Thousand ($15,000) Dollars per year, to be paid to her by my Executors and Trustees out of my estate as a fixed charge and before the distribution and payment of the net income of my estate as in my said Will provided.

The executors, pursuant to that provision, paid to Brad Love Sneed $3,125 during the period October 15, 1940, to December 31, 1940, and $15,000 during 1941, from funds belonging solely to the estate. The petitioner deducted those amounts on its returns as distributions. The Commissioner, in determining the deficiencies, disallowed those deductions on the ground that they were payable in all events and were not distributable as income.

The inventory and appraisal of the community and separate estate filed in the administration of the estate of the decedent contained a summary as follows:

| | |
|---|---|
| Value Separate Property—Real Estate | $638,415.58 |
| Value Separate Property—Personal | 132,810.15 |
| Value ½ Community Property—Real Estate | 16,519.38 |
| Value ½ Community Property—Personal | 86,274.21 |
| TOTAL | $874,019.32 |

Less:

| | | |
|---|---|---|
| Total Claims Separate Property | $133,572.28 | |
| ½ of Total Community Property Claims ($80,772.82) | 40,386.41 | |
| | | 173,958.69 |
| TOTAL NET VALUE OF ESTATE | | $700,060.63 |

The estate of the decedent was in administration during the periods in controversy.

The main question here is whether the estate of the deceased husband must report all of the income from Texas community property

or whether it should report only one-half and leave the other one-half to be reported by the surviving wife. The Board of Tax Appeals had always held that the estate should report one-half and the surviving spouse should report the other one-half in such situations. But one of its decisions was reversed by the Court of Appeals for the Fifth Circuit, which held that the surviving wife was not taxable on her share of the Texas community income during the period of administration of the deceased husband's estate and stated that all of such income was taxable to the estate. See *Barbour* v. *Commissioner*, 89 F. 2d 474. Similar cases arising either in Texas or Louisiana must, almost necessarily, go to that same court on appeal from the Tax Court. Therefore, the latter has endeavored, but without much success, to follow that decision.

We held in *Estate of Catherine Cox Blackburn*, 11 T. C. 623, that the estate of a deceased wife should report all of the income from Texas community property during the period of administration of that estate "not upon what appeared to it to be the simple truth and right of the taxpayer's position, but upon the supposed compulsion of the *Barbour* case." The Court of Appeals for the Fifth Circuit, meanwhile, had reversed a Memorandum Opinion of this Court involving income from Louisiana community property. *Henderson's Estate* v. *Commissioner*, 155 F. 2d 310. The husband had died in that case and the Court of Appeals held that the estate of the husband could have no greater powers or rights in the community income than the husband himself had had, and, just as during the joint lives of the spouses, so after the death of the husband, the wife was taxable on her share of the community income and only the other one-half was taxable to the estate during the period of administration. The same Court then reversed the Tax Court in the *Blackburn* case. *Blackburn's Estate* v. *Commissioner*, 180 F. 2d 952, stating that the *Barbour* case was distinguishable and the controlling case was not that case but the *Henderson* case.

We are unable to distinguish the present case factually from the *Barbour* case, the *Blackburn* case, or the *Henderson* case. There are differences, such as which spouse survived, which taxpayer petitioned, and the state in which the community resided, but apparently the Court of Appeals does not now regard any of those differences as a basis for distinguishing a case like this from the *Blackburn* or *Henderson* cases. It would now appear that the Fifth Circuit is holding, just as this tribunal had held prior to the *Barbour* case, that one-half of the income from community property continued to be taxable to the surviving spouse, and the estate of the deceased spouse is taxable only on one-half during the period of administration of that estate, regardless of which spouse survives. The Court of Appeals for the

Ninth Circuit has made a similar holding in *Bishop* v. *Commissioner*, 152 F. 2d 389, involving income from California community property. We hold that the petitioner in this case, the estate of the deceased husband, is taxable on only one-half of the community income for the taxable periods involved herein, believing not only that we are following the latest decisions of the Court of Appeals for the Fifth Circuit but, also, that the taxpayer's position is sound.

The next question is whether the estate is entitled to deduct the amount which it paid to the widow under the provision of the will quoted above. Section 162 (c), as it applied to these years, allowed the estate a deduction for "the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary." The Commissioner argues that the annual payment of $15,000 to the widow was payable out of corpus, if necessary, and, therefore, is not deductible as a distribution of income. The petitioner contends that the intent of the testator was to have the payment made only out of income. A court of competent jurisdiction in Texas has held that the amount is payable only out of income of the estate and could not be charged against corpus. *Sneed* v. *Pool*, 228 S. W. 2d 913. That decision is followed in the disposition of this point.

Reviewed by the Court.

*Decision will be entered under Rule 50*

HILL, *J.*, dissents.