220 F.2d 313
 Brad Love SNEED, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
ESTATE of J. T. SNEED, Jr., Deceased, Elizabeth Sneed Pool and L. J. Haile, Executors, Respondents.
 No. 14855.
 No. 14871.
 United States Court of Appeals, Fifth Circuit.
 March 11, 1955.
 
 Geo. S. Atkinson and Tom B. Rhodes, Jr., Dallas, Tex., for Brad Love Sneed.
 David O. Walter, Ellis N. Slack, William L. Norton, Jr. and A. F. Prescott, Sp. Assts. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Daniel A. Taylor, Chief Counsel, Internal Revenue Service, Charles E. Lowery, Sp. Atty., Washington, D. C., for Commissioner of Internal Revenue.
 Arthur Glover, Amarillo, Tex., for Sneed's Estate and others.
 Before HOLMES, RIVES and TUTTLE, Circuit Judges.
 HOLMES, Circuit Judge.
 
 
 1
 The relevant facts in these cases are the same, and both appeals may be disposed of in one opinion. The proceedings involve income taxes for the years 1940 and 1941. Jurisdiction of this court is invoked under Section 1141(a) of the Internal Revenue Code, as amended by Section 36 of the Act of June 25, 1948, 26 U.S.C.A. § 1141(a). The petition for review was filed on June 24, 1952. The Tax Court, 17 T.C. 1344, held that the decedent's estate was taxable on only one-half of the community income for the periods here involved, and that the estate was entitled to deduct the amounts paid the widow under the provisions of the decedent's will.
 
 
 2
 J. T. Sneed, Jr., the husband of Brad Love Sneed, died testate on October 15, 1940. Prior to and at the time of his death, they were residents of Texas and owned certain community property situated in said state. The estate of the decedent and the surviving widow filed separate income-tax returns for the years 1940 and 1941; each reported one-half of the income derived from property of the former community. The income in question here accrued after the death of J. T. Sneed, Jr. There is no evidence in the record in this case as to when or how the widow actually received manual possession of the income which she reported in her income-tax returns for the years 1940 and 1941, but it is conceded that she did receive it. The will of J. T. Sneed, Jr., and its pertinent provisions have been construed by the Texas Court of Civil Appeals, sitting at Amarillo, in Sneed v. Pool, 228 S.W.2d 913.
 
 
 3
 In Texas, the community property system is inherent in the local jurisprudence. It was the law under the Spanish and Mexican sovereignties, was retained by the Republic of Texas, and was continued in force when Texas was admitted into the United States. The basic idea of this community property law is that under it the husband and wife, upon marriage, become partners as to subsequent acquets or gains, with the profits to be equally divided upon its dissolution. During the marriage the husband is the manager of the partnership property and of the separate capital contributed to the partnership, including the wife's total property. The individual capital of each spouse consists of the property owned at marriage, and the property acquired after marriage by inheritance or by gift to the individual. Upon the dissolution of the partnership, the individual capital of each spouse is restored before the division of the profits.
 
 
 4
 On the death of the husband in Texas, as in Louisiana, the wife's share of the community is freed from the restrictions of his exclusive management, and the wife acquires exclusive possession thereof, as well as important new powers of control and disposition of it. The marital partnership is dissolved upon divorce or death, and the survivor holds his or her half interest in the property of the former community as a tenant in common with the heirs of the decedent, but the surviving wife's half of the community vests in her subject to the payment of the community debts. Caddell v. Lufkin Land & Lumber Company, Tex. Com.App., 255 S.W. 397.
 
 
 5
 In the instant case, when the marital partnership was dissolved by the death of the husband, all income thereafter accruing to the property which belonged to the former community estate was attributable in equal portions to the surviving spouse and to the decedent's estate, and was taxable one-half to said survivor or her representative and one-half to said estate. Since the surviving wife and decedent's executor have each elected to report one-half of the income accruing to the property belonging to the former Texas Community, the Tax Court did not err in holding that the Commissioner may not require the decedent's estate to report all of said income. This ruling is not in conflict with Barbour v. Commissioner, 5 Cir., 89 F. 2d 474, 476, wherein the court held that, either as executors of the deceased husband or as trustees for the benefit of the others entitled to the income, the executors should have reported it and paid the tax thereon. The court said: "When and if Mrs. Barbour receives this profit from the executors she should, of course, account for and pay the taxes on it. Until she does, she may not be required to." The law never requires the doing of an idle thing, and it would be a useless procedure at this time to require the executors to pay the widow's tax and collect it from her, since she has already paid it. The executors were required to pay it or see that it was paid; and if they had paid it, fidelity to their cestui que trust would have required them to make a separate return for the widow's portion of the income.
 
 
 6
 The Barbour case is limited to its particular facts wherein the widow had neither paid the tax nor received the income on her half of the community estate; it does not exclude the filing of separate returns for the widow and the estate of her deceased husband; the wife's interest in community property was equal to that of her husband during his life; she and her husband were entitled to make separate returns; and the death of her husband did not deprive her of this right. Hopkins v. Bacon, 282 U.S. 122, 51 S.Ct. 62, 75 L.Ed. 249; United States v. Rompel, 326 U.S. 367, 694, 66 S.Ct. 191, 90 L.Ed. 137; Vernon's Civil Statutes of Texas, Vol. 13, pp. VII-VIII.
 
 
 7
 As stated in the Barbour case, supra, the law is not concerned with the form of return that should have been made, since exactly the same amount might have been arrived at in a different way. The executors in this case are not only the personal representatives of the deceased, but they are the liquidators of the widow's interest in the former community property. To her is owed the duty that trustees owe to a cestui que trust. The wife's interest in the community estate was inside of the husband's succession at the time of his death, but costs connected therewith and his funeral expenses were not chargeable to her. She may dispose of her part of the community property subject to community debts and charges; but since the executors held in trust the widow's half of the community property, and were collecting the income from it, they might have been required to file a separate income-tax return, and pay the tax for her; the primary liability was on them to do it; but since they refused or failed to do it, and since her part of the taxes was due and unpaid by the executors (who were her agents or trustees), there was no legal or equitable reason why she might not attend to it for herself. In Henderson's Estate v. Commissioner, 5 Cir., 155 F.2d 310, 164 A.L.R. 1030, this court said that the question of the executor filing a separate return with respect to the widow's one-half interest was not before the court, since she had filed her return and paid the tax.
 
 
 8
 As to the payments made to the widow under the codicil to the will of J. T. Sneed, Jr., these items were paid under a provision that bequeathed to her a fixed annuity of $15,000 so long as she remained a widow. The annuity was payable as a fixed charge before any distribution of the net income of the estate. She included the amounts in her income-tax returns for the years 1940 and 1941, respectively. Regardless of the general rule in construing a provision of this kind, in respect to this particular will and codicil, a Texas court of competent jurisdiction has held that the amount is payable only out of income, and that the annuitant, not the estate of J. T. Sneed, Jr., was obligated to pay the income taxes thereon for the years in question. That decision was followed by the Tax Court in the disposition of this point, and we approve its ruling with reference thereto. Sneed v. Pool, Tex.Civ.App., 228 S.W.2d 913.
 
 
 9
 The judgment in each of the above numbered cases is affirmed. 17 T.C. 1344. See, also, Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; West v. American Telephone & T. Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139; United States v. Rompel, 326 U.S. 367, 369, 694, 66 S.Ct. 191, 90 L.Ed. 137; Fernandez v. Wiener, 326 U.S. 340, 359, 66 S.Ct. 178, 90 L.Ed. 116; Bishop v. Commissioner, 9 Cir., 152 F.2d 389; Henderson's Estate v. Commissioner, 5 Cir., 155 F.2d 310; Blackburn's Estate v. Commissioner, 5 Cir., 180 F.2d 952; Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799. In the Henderson case, supra, 155 F.2d at page 315, this court said:
 
 
 10
 "As agents of the widow, or trustees of her one-half of the community property, the petitioners should keep a separate account of their collections and disbursements in her behalf. Their fiduciary relation to her is distinct from their relation to the estate. Her income should not be commingled with the funds of the estate except when necessary to pay community debts. Even then it must be accounted for separately. Distinctly different fiduciary functions require separate accountings. There is a fundamental difference between the executors of a deceased husband's estate and the same individuals in the capacity of liquidators of the wife's one-half interest in the community property. So far as the duty to account is concerned, it is as if different persons had been appointed to each office."
 
 
 11
 Affirmed.
 
 
 12
 RIVES, Circuit Judge (specially concurring).
 
 
 13
 I concur in the affirmance of the judgments of the Tax Court, but because I agree with the opinion of Judge Murdock in Estate of Sneed v. Commissioner, 17 T.C. 1344, and think that Barbour v. Commissioner, 5 Cir., 89 F.2d 474, has been departed from and should be overruled.[1]
 
 
 14
 It is axiomatic that income is taxed to the owner thereof. Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75; Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916; Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731. It seems to me that the surviving wife remains the owner of her one-half of community property and the income therefrom. It is true that under the Texas statutes[2] and decisions,[3] the executor of the deceased husband's estate has sole power of administration of the community to the exclusion of the widow. The same authorities establish that the executor holds the community property for the purposes of paying any debts existing against that property and of dividing the remainder one-half to the widow and one-half to the husband's estate, and for no other purpose. Indeed, the statute[4] provides that the widow is entitled to delivery of her equal moiety in the community upon the execution and delivery to the county judge of a bond for an amount equal to the value of her interest in the common property, "conditioned for the payment of one-half of all debts existing against such common property".[5] That is the extent of the liability of the widow's moiety in the hands of the executor. His payment of her one-half of the community indebtedness enures to the widow's benefit. The remainder of her moiety must be delivered to the widow. In every real sense the widow's ownership acquired during the marriage continues uninterruptedly, and the executor has title to that half only of the community property belonging to his decedent.[6]
 
 
 15
 It does not follow from the fact that the executor has control and possession of the community and its income during administration that the income is not taxable to the widow. It is said that the widow may have received no funds with which to pay the tax. I apprehend that under state law it would be the executor's fiduciary duty to provide the widow with such necessary funds. If the widow were destitute and the executor failed to provide her with the tax moneys, an extension of time for paying the tax could be granted the widow.[7] It is likewise true that during the lifetime of the husband, he has administration of the community property, but the wife's share of the community income is taxable to her.[8] There is no invariable principle that income collected by an executor is taxable to the estate; to the contrary the rule is well established that an estate cannot be taxed with respect to income which passes directly to another.[9]
 
 
 16
 The holding in the Barbour case seems to me inconsistent with the holdings of this Court in Henderson's Estate v. Commissioner, 5 Cir., 155 F.2d 310, 164 A.L. R. 1030, and Blackburn's Estate v. Commissioner, 5 Cir., 180 F.2d 952, and with the holdings of the Ninth Circuit in Bishop v. Commissioner, 152 F.2d 389, and United States v. Merrill, 9 Cir., 211 F.2d 297. In the last cited case, the Ninth Circuit said of its earlier decision in Commissioner v. Larson, 9 Cir., 131 F.2d 85, "And in the Larson case we gave undue emphasis to the powers of the executor of the estate of a deceased spouse with reference to the community property and the income therefrom during the period of administration, and insufficient attention to the community property law of the state." [211 F.2d 301.] It seems to me that we might properly make much the same comment on the Barbour case.
 
 
 17
 I therefore concur specially.
 
 
 
 Notes:
 
 
 [1]
 The opinion of the Tax Court has met the approval of the Ninth Circuit which agrees that the Barbour case is without vitality. United States v. Merrill, 9 Cir., 211 F.2d 297, 302. After reviewing the opinion of the Tax Court, the 1954 pocket supplement to Vol. 3, Mertens Law of Federal Income Taxation, p. 33, says, "Judge Murdock's view seems eminently sound." In his concurring opinion in the Blackburn case, 180 F.2d 954, Judge Waller thought that the holding in that case was inconsistent with the Barbour decision and that Barbour was wrongly decided
 
 
 [2]
 Texas Revised Civil Statutes, Vernon's Ann.Civ.St.Texas, Articles 3630, 3661
 
 
 [3]
 Hollingsworth v. Davis, 62 Tex. 438; Carlton v. Goebler, 94 Tex. 93, 58 S.W. 829; Lovejoy v. Cockrell, Tex.Com.App., 63 S.W.2d 1009
 
 
 [4]
 Texas Revised Civil Statutes, Article 3628
 
 
 [5]
 Texas Revised Civil Statutes, Article 3628
 
 
 [6]
 1 de Funiak, Principles of Community Property (1943), Pages 586, 587
 
 
 [7]
 See Sections 56(c), 58(e) of the 1939 Internal Revenue Code; Sections 6161-6165 of the 1954 Code, 26 U.S.C.A
 
 
 [8]
 Hopkins v. Bacon, 282 U.S. 122, 126, 51 S.Ct. 62, 75 L.Ed. 249
 
 
 [9]
 Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421; 6 Mertens Law of Federal Income Taxation, Sec. 36.23, p. 275 and cases collected in Note 45
 
 
 
 18
 TUTTLE, Circuit Judge (dissenting).
 
 
 19
 With deference to the opinion of the majority, I respectfully dissent. I consider this to be necessary because the Tax Court, in its opinion, incorrectly assumes that we have departed from the holding made by us in the Barbour case.[1] The court's opinion does nothing to dispel this erroneous impression.
 
 
 20
 The facts in issue here, with respect to the taxability to the widow of one-half the income received during administration of the independent executors of her husband's estate, no part of which was received by her during the tax years in question, are identical with the facts in the Barbour case. In fact, with commendable frankness, the Commissioner's brief greatly simplifies the issue by stating: "This court in the Henderson and Blackburn cases found factual differences from the Barbour case sufficient to justify a different result.[2] In the present cases, however, we can find no significant factual difference from that case and do not deny its applicability, if it is to be followed." (Emphasis supplied.) The Commissioner then asks us to reconsider the Barbour case.
 
 
 21
 The only factual difference between the Barbour case and the Sneed case that the writer of this dissent has been able to find is that here the taxpayer, the widow, returned as her income one-half of the income received by the executors from the community. In the Barbour case she did not so report it. Under our scheme of income taxation the legal liability for the payment of a tax is in no way affected by the erroneous reporting of it by the taxpayer. The question presented in both of these cases is identical. Did the executors, as fiduciaries under the mandate of Sections 161(a), 161(a) (3), 161(b), 162(c), owe this tax or were they permitted under Section 162(c) to deduct one-half of the income received by them and did it then become the duty of the widow to return it and pay tax on it? The issue is squarely presented and not only are these taxpayers, but so also is the Commissioner, entitled to know whose is the tax liability. In the Barbour case we clearly and unequivocally held that it is the liability of the fiduciary and not the liability of the surviving widow.[3] In the case of Blackburn's Estate v. Commissioner, 5 Cir., 180 F.2d 952, we held that the rule is different where the wife dies, because under the applicable state law the surviving husband is not deprived of his right to receive his half of the income while he administers his wife's estate. In the case of Henderson's Estate v. Commissioner, 5 Cir., 155 F.2d 310, a somewhat similar question arose under the Louisiana community property law and we rejected the suggestion that all community property statutes be treated as if they were identical.[4]
 
 
 22
 It is clear, therefore, that the law announced in the Barbour case has not been modified. It seems to me that we should, therefore, either follow its teaching or expressly overrule it, in deference to the right of taxpayer in this important area to have as much certainty as possible in the reporting of income from community property during administration. This is obviously neither a theoretical nor a sterile inquiry. As our whole scheme of federal income taxation is based on graduated tax rates, it is of extreme importance for both taxpayer and Commissioner to know whether the particular income here dealt with is to be added to the wife's other independent personal income and the tax to be computed on that, or whether it is to be combined with the other half of the community income and reported as a single item of income by the fiduciaries. Doubtless either treatment would sometimes benefit the taxpaying group and sometimes benefit the Treasury. Neither party should be left to its option to treat this income either one way or another arbitrarily to favor its own interest according to the particular amounts involved.
 
 
 23
 As I read the majority opinion, the basic question is not answered. The court simply says in effect that since the tax is owed by either the fiduciary or the widow, and since the widow returned it and paid it, the Tax Court did not err in holding that the widow owed it. But the widow and the estate, as well as the Commissioner, are all here before us asking us to determine which one of them does owe it. I think it is the law in this circuit, under the Barbour decision, that the fiduciaries owe it; they were required to return it and they were not entitled to deduct one-half of the income under the provisions of § 162(c) since it is admitted that none of the income was "properly paid or credited during such year to" the widow.
 
 
 24
 I think furthermore that the Barbour decision was right under the clear line of authority in the Texas cases. The scheme of federal income taxation is admittedly based on the proposition that income is to be taxed to its owner. Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75; Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731. There is no contention here that the widow was the owner of this income until the administration was completed. No logical reason is perceived as to why the usual rule of taxing the income to the one who receives it should be ignored.
 
 
 25
 I think the decision of the Tax Court on the petition for review, filed on behalf of Brad Love Sneed (No. 14855) should be reversed as to that part relating to the taxability to her of one-half of the community income for the years 1940 and 1941, and that conversely the judgment in the Commissioner's petition for review (No. 14871) should also be reversed as to the exclusion of this income from the fiduciaries' tax liability. This case should be remanded to the Tax Court to determine what fiduciary tax entity is liable for the reporting and payment of the tax on income received from the widow's one-half of the community income, under the principle announced by us in Barbour v. Commissioner, supra, and Henderson's Estate v. Commissioner, supra.[5]
 
 
 
 Notes:
 
 
 [1]
 The Tax Court, in No. 14855, quoted from the decision in No. 14871 as follows:
 "It would now appear that the Fifth Circuit is holding, just as this tribunal had held prior to the Barbour case, that one-half of the income from community property continues to be taxable to the surviving spouse, and the estate of the deceased spouse is taxable only on one-half during the period of administration of that estate, regardless of which spouse survives. * * * We hold that the petitioner in this case, the estate of the deceased husband, is taxable on only one-half of the community income for the taxable periods involved herein, believing not only that we are following the latest decisions of the Court of Appeals for the Fifth Circuit but, also, that the taxpayer's position is sound." The Tax Court is clearly without basis for its implication that the rule of the Barbour case is not still the law in this circuit. We have said it is, as clearly as language will permit, as recently as Blackburn's Estate v. Commissioner, 5 Cir., 180 F.2d 952.
 
 
 [2]
 For the factual difference between Blackburn and Barbour see the opinion of Chief Judge Hutcheson in Blackburn's Estate v. Commissioner of Internal Revenue, 5 Cir., 180 F.2d 952, 953: "There (in the Barbour case) the husband, the manager of the community, had died, and his independent executors were in charge of, and were managing, the whole of the community estate, `the executors retaining possession and control of the wife's undivided one-half community property and managing and operating the entire estate as a unit'
 "All that was there presented for decision, all that was decided, was whether, the whole property being in the hands of the husband's executors for administration, the claim of the commissioner, that the surviving wife had come into the receipt of one-half of the income so as to be taxable upon it, could be sustained.
 * * * * *
 "Here, unlike in the Barbour case, it is the wife who is dead, and the husband who is administering the property. In such a situation, as carefully stated in Lovejoy's case [Tex.Com.App., 63 S.W. 2d 1009], supra, there is no passage of control or management to her executors or administrators. The Supreme Court of Texas has repeatedly held that in such case the husband's power and control, with respect to the common property are undiminished by the wife's death."
 
 
 [3]
 Barbour v. Commissioner, 5 Cir., 89 F. 2d 474, 476:
 "It is settled law that income received by the administrator of an estate, while the administration is in progress, must be returned and taxes paid on it by the administrator as income of the estate, and not by the person ultimately entitled to it. Kuldell v. Commissioner, [5 Cir.], 69 F.2d 739. If this were the case of an administration in court of an intestate, or with will annexed, it would seem, upon the authority of that case and the Texas authorities governing such administration, that it must be held that Mrs. Barbour had not received this profit as income so as to make it taxable to her. Lovejoy v. Cockrell leaves in no doubt we think that an independent executor stands in the same case, and that income received by him while administering the property as executor of the husband and statutory trustee, is not received by or taxable to the surviving member of the community."
 
 
 [4]
 Henderson's Estate v. Commissioner, 5 Cir., 155 F.2d 310, 312:
 "There is no use in comparing or distinguishing decisions dealing with the statutory laws of other community-property states; both the Supreme Courts of Louisiana and of the United States have dealt explicitly with the character of the wife's community interest in Louisiana."
 
 
 [5]
 See the last paragraph of Judge Holmes' opinion 155 F.2d 310, 315